UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22202-BLOOM/Louis

MARJORIE SMITH and
BLAINE CAMPBELL,

    Plaintiffs,

v.

JUDGE MIGUEL DE LA O, *et al.*,

    Defendants.
_____/

## ORDER DENYING LEAVE TO PROCEED
## IN FORMA PAUPERIS AND DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiffs Marjorie Smith and Blaine Campbell's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3] (the "IFP Motion"). Plaintiffs filed this Action against Judge Miguel de la O, Judge Alexander Bokor, and Judge Thomas J. Rebull (collectively "Defendants") on May 30, 2019. *See* Compl., ECF No. [1] ("Complaint"). For the reasons stated below, the Motion is denied and the above-styled action is dismissed.

Plaintiffs, *pro se* litigants, have not paid the required filing fee and, therefore, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). Even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), Plaintiffs' Complaint fails.

Case No. 19-cv-22202-BLOOM/Louis

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Title 28 U.S.C. § 1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Here, Plaintiffs' Complaint for breach of contract purports to assert that jurisdiction has been conferred on this Court through diversity of citizenship.

Case No. 19-cv-22202-BLOOM/Louis

With respect to diversity of citizenship cases under 28 U.S.C. § 1332(a), subject matter jurisdiction exists only where there is *complete* diversity; all plaintiffs must be diverse from all defendants. *See, e.g.*, *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002).  Because the Plaintiffs' citizenship is not diverse from ***any of the Defendants***, complete diversity is clearly lacking.

Plaintiffs have failed to set forth an adequate basis upon the facts alleged for the Court to exercise jurisdiction in this case.  Consequently, the Court is "powerless" to proceed, and the above-styled case is due to be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' IFP Motion, **ECF No. [3],** is **DENIED.**
2. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE.**
3. The Clerk is instructed to **CLOSE** this case.
4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 30, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Marjorie Smith
19710 NW 11th Avenue
Miami-Dade, FL 33169